ALBERT BECK, Respondent, *v.* ABRAHAM BAUMAN, Appellant.

(Supreme Court, Appellate Term, First Department, January, 1919.)

Contracts — an agreement to procure contracts from United States government, in time of war, is against public policy — evidence — complaint dismissed.

> An agreement made in time of war, to procure contracts from the United States government for the furnishing of equipments for its army, is against public policy.
>
> A defense that a contract sued on contravenes the public policy of the state may be availed of at any time.

APPEAL from a judgment of the City Court of the city of New York in favor of plaintiff entered on the

verdict of a jury and from order denying motion for a new trial.

Siegeltuch & Silverman (Albert J. Rifkind, of counsel), for appellant.

Prince & Nathan (Alfred B. Nathan, of counsel), for respondent.

Guy, J.   Plaintiff, who had previously been in the " whiskey business," sues to recover commissions for procuring for defendant army uniform contracts from the United States government pursuant to the following written agreement signed by defendant:

" NEW YORK, <em>June 27th,</em> 1917.

" MR. ALBERT BECK,
," Far Rockaway,
" New York:

" DEAR SIR.— Should you procure a contract or con- tracts for me from the U. S. Government to manu- facture Army Uniforms of any description and should I accept such contract or contracts, I agree to pay you a commission of two (2%) per centum of the net amount of moneys received from the U. S. Government from the manufacture of such contract or contracts, and further agree to pay the above two per cent after the receipt of each remittance received by me from the above contract or contracts.

" Yours very truly,
" ABR. BAUMAN."

In support of his claim plaintiff testified that defendant is his cousin; that after the paper above referred to was signed he went, in company with one Martin, whom he knew to be a secretary of some one in politics, down to the United States quartermaster's

department in New York city and there had a talk with a public official in that department, whom he had previously known, and told him he wanted to get a contract for his cousin; that after enquiring as to the cousin's financial standing and ability to perform a contract, the official told him to see another official in the same department in Philadelphia; that he went to Philadelphia, had a similar conversation with an official there, and was told his cousin would get a contract through the New York office. So far as appears, nothing was said in either of the interviews as to price or other terms and conditions of the contract. He further testified that in the early part of August, 1917, he saw in the United States *Advertiser* that the defendant had got a contract to supply 60,000 overcoats; that he thereupon called upon the defendant, but that the latter denied that he was under any obligation to plaintiff and refused to pay him any commission. It was conceded that both contracts, as alleged in the complaint, were obtained by the defendant; and the proof is sufficient that the obtaining of the contracts was due to services rendered by plaintiff to defendant.

Reversal of plaintiff's judgment is asked for upon the ground that the contract is unenforceable as against public policy.

There was no claim made in the pleadings or on the trial that the contract was illegal. At the close of the evidence no motion was made to dismiss, the defendant thus conceding that a question of fact was presented for consideration by the jury. However, if the contract contravenes the public policy of the state such defense may be availed of at any time. *Doucet* v. *Massachusetts Bonding & Ins. Co.*, 180 App. Div. 599; *Sprague* v. *Webb*, 168 id. 292.

It would seem that no recovery could be had upon

the contract in suit in the Federal courts (*Hazelton* v. *Sheckells*, 202 U. S. 71); but the contract was made in the state of New York, and in *Dunham* v. *Hastings Pavement Co.*, 189 N. Y. 500, our Court of Appeals has held that contracts of similar character having to do with our state government are enforcible.

While there is no actual proof in this case of corrupt acts or intent the only conclusion that can be drawn from the evidence is that it was the intent of the parties that Federal contracts should be obtained by plaintiff for defendant through the influencing of official conduct by personal, political or other considerations independent of the merits; and the case seems to come under the rule stated by Justice Shearn in *Chard* v. *Ryan-Parker Construction Co.*, 182 App. Div. 455, 466, as follows: " In the case of an executory contract, the law will not aid in its enforcement where the contract tends directly to corrupt action or secret and improper resort to public officials. In an action to recover compensation for legitimate services actually rendered under a contract which tends to corrupt or to secret and improper resort to public officials, in the absence of any proof that such was the intention and purpose of the contract, a recovery may be sustained. Where, however, there is evidence warranting a finding that the purpose and intention of the contract, entirely innocent upon its face, was to influence official action by means of political considerations, or other improper means independent of the merits, the law will not aid a recovery even though the services actually rendered were legitimate.''

We are also of the opinion that the agreement upon which the action is based should be declared void as against public policy, being an agreement, made in time of war, to procure contracts from the Federal government for the furnishing of equipments for the

Federal army. The safeguarding of the integrity of such contracts, affecting the welfare, perhaps the very existence, of the nation, was peculiarly a matter to be governed by Federal policy as established by the Federal courts declaring all agreements for the obtaining of such contracts void, and we are of the opinion that the welfare of the state as an integral part of the nation requires the application of this rule to all contracts made in this state for the furnishing of supplies to any department of the United States government.

The order and judgment must, therefore, be reversed and the complaint dismissed, with costs in this court and in the court below.

WEEKS and MULLAN, JJ., concur.

Judgment and order reversed, with costs.